# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ALBERT HINDS,

        Plaintiff,

v.                                        Case No. 05-2362 KHV-DJW

SPRINT/UNITED MANAGEMENT CO.
and SPRINT NEXTEL CORP.,

        Defendants.

## PROTECTIVE ORDER

The parties agree to this protective order and the court finds that this protective order is appropriate in this case. Accordingly, the Court hereby makes the following findings:

    A.    The following categories of information constitute confidential information or trade secrets under the Kansas Uniform Trade Secrets Act and/or are otherwise subject to protection for good cause pursuant to Fed. R. Civ. P. 26(c):

        1.    Defendants' business practices and operations, research and development, technologies, customer lists and customer relations, non-public marketing information, compensation and recruitment practices, employment-related costs, financial records and employee files; and

        2.    The financial and/or personnel records of Plaintiff and other employees.

    B.    Certain materials setting forth the information described above may be relevant and discoverable in this action.

    C.    Broad public disclosure of the information described above would cause specific harm to the defendants, the plaintiff, and/or to others not parties to this litigation.

D.      The defendant, therefore, has established good cause for entry of a protective order setting forth the terms and conditions under which the confidential, proprietary, and/or trade secret business information of the defendants and the confidential financial and personnel information relating to the plaintiff and others will be produced.

Therefore, for good cause shown,

IT IS HEREBY ORDERED AS FOLLOWS:

1.      <u>Marking of Designated Materials</u>.  Documents the parties reasonably believe are protected against unauthorized disclosure or use shall be marked by placing the legend "CONFIDENTIAL," or an equivalent marking, on each page of the document.  All materials to be so designated shall be marked prior to the provision of a physical copy thereof to the receiving party.  If such materials have already been produced to the other party, the party producing such materials shall notify the other party immediately upon entry of this order that such documents shall be marked and deemed "CONFIDENTIAL" under the terms of this Order.  Upon receipt of such notice, the receiving party shall promptly mark its copies of the material accordingly, shall thereafter treat the information as if it has been designated "CONFIDENTIAL," shall restrict the disclosure or use of such information to only those persons qualified pursuant to this Order, and if such information has previously been disclosed to persons not qualified pursuant to this Order, take reasonable steps to obtain all such previously disclosed information and advise such persons to treat the designated materials confidentially as though originally so designated.

2.      <u>Good Faith Designations of "CONFIDENTIAL" Materials</u>.  Plaintiff shall have the right to designate as "CONFIDENTIAL" any materials he believes, in good faith, relates to plaintiff's income.

Defendants shall have the right to designate as "CONFIDENTIAL" any materials it reasonably believes, in good faith, constitute personnel files regarding non-parties and proprietary information.

3. <u>Restriction on Disclosure and Use of Designated Materials</u>. No materials designated "CONFIDENTIAL" shall be disclosed to any person or entity except as set forth in this order. No person shall use any material designated "CONFIDENTIAL," for any purpose other than to assist counsel of record in the preparation and trial on this action. No copies of designated materials shall be made except by, or on behalf of the court or its staff, or attorneys of record for the parties to this order.

4. <u>Filing of Documents Under Seal</u>. The parties are not authorized to file under seal any documents containing information subject to this order without express leave of court after the party's motion requesting leave to file such documents under seal and demonstrating good cause for the request. Any filing of documents under seal, with leave of the court, shall comply with all local and/or federal rules pertaining to filing of documents under seal.

5. <u>Access to "CONFIDENTIAL" Materials</u>. Information designated as "CONFIDENTIAL" shall not be provided, shown, made available, or communicated in any way to any person or entity with the exception of:

(a) the parties, their counsel of record in this action, and their experts;

(b) all assistant, stenographic and clerical employees working under the direct supervision of the attorneys of record in this action;

(c) any person not employed by a party, but who is expressly retained by a party to this order, or any attorney described in paragraph 5(a), to assist in litigation of this action, with disclosure of "CONFIDENTIAL" materials to be made only to the extent necessary to perform such work;

3

(d) court reporters and any person before whom testimony is taken, except that such persons may be shown copies of "CONFIDENTIAL" materials or copies thereof; and

(e) the court, or its staff, in connection with the court's administration and adjudication of this action; all proceedings involving this court shall be subject to the order.

6. <u>Undertaking of Persons Receiving Designated Materials</u>.  In no event shall any materials designated "CONFIDENTIAL" be disclosed to any person (except those described in paragraph 5(a) – (d)) until that person has executed a written declaration in the form attached hereto as Exhibit A, acknowledging he or she has read a copy of this order and agrees to be bound thereby.  In the event of depositions of third party witnesses, during which "CONFIDENTIAL" information is to be shown or revealed to the deponent, the party seeking to use such materials shall request that said deponent execute a written declaration in the form attached hereto as Exhibit A.  Unless such a declaration is obtained, "CONFIDENTIAL" information shall not be disclosed to the deponent.

7. <u>Limitations Upon the Scope of Order</u>.  Nothing contained in this order shall affect the right of the designating party to disclose, or use for any purpose, the materials produced by it as "CONFIDENTIAL."  This order shall not limit or affect the rights of any party to use or disclose any information or thing that has not been obtained through, or derived as, a result of this litigation.  If a party wishes to use any confidential information in any affidavits, briefs, memorandum of law, oral argument, or other papers filed in this court in this litigation, such papers or transcript may be filed under seal only upon separate, specific motion and later order of the court.  Any information subject to this order used at any trial and/or is submitted to the Court without a separate request to file under seal loses its confidential status and is not subject to the terms of this order.

8. Within 60 days of the termination of this action, including any appeals, any party who wants "CONFIDENTIAL" materials returned by the opposing party shall notify counsel for the opposing party, and the opposing party's counsel shall make arrangements to return all copies of "CONFIDENTIAL" materials from the parties, and others who are authorized by this Order to receive "CONFIDENTIAL" materials after 60 days following the termination of the action, including all appeals, the parties will destroy all materials marked "CONFIDENTIAL" by the opposing party, except that the attorneys of record may retain an opposing party's "CONFIDENTIAL" materials, but only for the purpose of preserving a file in this matter.

9. Breach of this agreement may be punished by the contempt powers of the court and also may give rise to a civil cause of action.

10. Nothing in this protective order constitutes a finding or admission that any "CONFIDENTIAL" materials are in fact, confidential or otherwise not subject to disclosure. Any party may dispute the confidential nature of any "CONFIDENTIAL" materials or that the "CONFIDENTIAL" materials are, in fact, entitled to protection of this Order and may move the Court for removal of the "CONFIDENTIAL" designation upon any such materials. Nothing in this order shall preclude the court, sua sponte, from determining that a "CONFIDENTIAL" designation is unwarranted and ordering the removal of such designation.

11. The foregoing is entirely without prejudice to the right of any party to apply to this court for any further protective order relating to any other document, information, or issue, or to modify this order.

12. <u>Duration of Order</u>.  The confidentiality obligations imposed by this order shall remain in effect unless otherwise expressly ordered by the court.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 7th day of March, 2006.

s/ David J. Waxse<br>
David J. Waxse<br>
United States Magistrate Judge

cc: All counsel and *pro se* parties

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ALBERT HINDS,

        Plaintiff,

v.                                                                                  Case No. 05-2362 KHV-DJW

SPRINT/UNITED MANAGEMENT CO.
and SPRINT NEXTEL CORP.,

        Defendants.

## ACKNOWLEDGMENT AND AGREEMENT TO BE
## BOUND BY THE PROTECTIVE ORDER

        I, _____, declare that I have read and understand the Stipulated Protective Order that was issued by the United States District Court for the District of Kansas in this matter. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.

        I further agree to submit to the jurisdiction of the United States District Court for the District of Kansas for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date:                                        _____

City and State where sworn and signed:    _____

Printed name:                        _____

Signature:                            _____