**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| ALBERT HINDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 05-2362-KHV |
| SPRINT/UNITED MANAGEMENT ) | |
| COMPANY, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**ORDER**

In Defendant's Motion For Summary Judgment (Doc. #38) filed August 11, 2006, defendant argues that plaintiff cannot satisfy the fourth element of a prima facie case of age discrimination, i.e. that plaintiff cannot show that defendant intended to discriminate against him in reaching its RIF decision. See Pippin v. Burlington Res. Oil & Gas Co., 440 F.3d 1186, 1192-93 (10th Cir. 2006). In response, plaintiff presents evidence that defendant retained John Hornbuckle, age 46, Gia Jackson, age 42, Jerri Stotts, age 37, Laura Umphenor, age 44, and Edmond Vesques, age 33, all of whom worked in the same job position and grade level as plaintiff (program manager IV at grade level 77).[1] See Candidate Selection Worksheet, Plaintiff's Exhibits Q and R; and Modica Depo. at 54:8 to 58:21, Plaintiff's Exhibit G. Construed in a light most favorable to plaintiff, this evidence might support an inference that defendant retained younger employees who worked in positions

---

[1] The Court notes that questions of fact remain as to whether some of these employees were insignificantly younger than plaintiff, who was 49 at the time of his discharge. See Whittington v. Nordam Group, Inc., 429 F.3d 986, 994-96 (10th Cir. 2005) (refusing to find five-year age difference insignificant as matter of law); Munoz v. St. Mary-Corwin Hosp., 221 F.3d 1160, 1166 (10th Cir. 2000) (two-year age difference obviously insignificant); Tolle v. Am. Drug Stores, Inc., No. 05-2191, 2006 WL 3256835, *15 (D. Kan. Oct. 11, 2006) (difference of 3 years and 9 months insufficient to satisfy prima facie case).

similar to plaintiff. See Beaird v. Seagate Tech., Inc., 145 F.3d 1159, 1167-68 (10th Cir. 1998) (evidence that defendant retained at least one younger employee in same job code sufficient to meet prima facie case).

If so, the burden would shift to defendant to articulate a facially nondiscriminatory reason for its action. See Reynolds v. Sch. Dist. No. 1, 69 F.3d 1523, 1533 (10th Cir. 1995). Defendant states that it discharged plaintiff because it eliminated the CCTTE group as part of a RIF. This explanation appears to be undisputed as far as it goes. Defendant provides no explanation, however, as to why it found other positions for some members of the CCTTE group, as well as other employees who worked as program managers IV at grade 77. Ordinarily, on this record, the Court would conclude that defendant has not met its burden of production because it has not articulated a legitimate nondiscriminatory reason for terminating plaintiff's employment and not the employment of employees who were subject to the same RIF. See Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 258 (1981) (defendant's explanation of legitimate reasons must be clear and reasonably specific); see also Bell v. AT&T, 946 F.2d 1507, 1511 (10th Cir. 1991) (in RIF case defendant must assert legitimate justification for leaving certain employees out of group susceptible to termination); Beaird, 145 F.3d at 1170-71. This issue is complicated, however, by the fact that plaintiff concedes that defendant has met its burden of production. See Plaintiff's Memorandum In Opposition To Defendant's Motion For Summary Judgment (Doc. #44) filed September 11, 2006 at 30.

In light of plaintiff's concession, the Court will not automatically overrule defendant's motion for summary judgment on plaintiff's age discrimination claim. To determine whether plaintiff can show pretext, however, the record requires a legitimate explanation from defendant as to how it decided to retain certain employees, but not plaintiff.

**IT IS THEREFORE ORDERED** that on or before **Friday, December 15, 2006,** defendant file a supplemental brief which articulates a facially nondiscriminatory reason as to why it retained younger employees at plaintiff's same job position and grade level, and why it contends that plaintiff cannot establish pretext with respect to such explanation. Such brief shall follow the format set forth in D. Kan. Rule 56.1(a) and include evidentiary support where appropriate.

**IT IS FURTHER ORDERED** that on or before **Friday, December 22, 2006,** plaintiff file a response to defendant's supplement brief. Plaintiff's response shall follow the format set forth in D. Kan. Rule 56.1(b) and include evidentiary support where appropriate.

**IT IS FURTHER ORDERED** that the status conference set for Thursday, December 14, 2006 is continued to **January 8, 2007 at 11:00 a.m.**

Dated this 11th day of December, 2006 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge
